PEIRCE *vs.* M'MAHAN ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

The vendor cannot be aware that the property he sells is purchased for speculation, and with the view to immediate re-sale; and the vendee will not be allowed to set up as error in the motive, the fact that a tacit mortgage existed on the property, which was fraudulently concealed from him, in avoidance or rescission of the sale.

Where the tutor observes all the forms required by the act of 1830, authorizing a special mortgage to be substituted in lieu of the general one resulting from the tutorship, it frees the other property from all incumbrance, and a purchaser cannot set it up in avoidance of the sale.

This is an action for the rescission of a sale of certain town lots.

The plaintiff shows, that in December, 1836, he purchased three lots from the late Doctor M'Mahan, for ten thousand dollars, payable in one, two and three years, for which he gave his notes endorsed. He further shows, that he has since discovered that there exists a tacit mortgage on said property in favor of the children of the widow M'Mahan, by a former marriage, for a large amount resulting from the tutorship. He prays that all proceedings to coerce payment of his notes, be stayed, and that they be sequestered and given up, and that the sale be rescinded and cancelled.

The defendant denied that any mortgage or other incumbrance existed on the property, or that there was any legal cause to rescind the sale.

In a supplemental answer, the defendant avers that she has settled the succession of her first husband since the institution of this suit, and has raised all tacit and general mortgages which may have resulted from her tutorship of her minor children, and also against her late husband as co-tutor.

A record of the proceedings in the Probate Court, giving a special mortgage, and raising and cancelling the tacit or

legal mortgage in favor of her minor children, resulting from her tutorship, was produced by the defendant. The proceedings were had in conformity with the act of 1830, relating to tutors of minors, and authorizing them to give special mortgages in lieu of the general ones.

The parish judge was of opinion there was no legal cause for setting aside the sale, and gave judgement for the defendant. The plaintiff appealed.

*Hoffman,* for the plaintiff and appellee, insisted that the judgment was correct; that the plaintiff had a good and legal title to the property, and any incumbrance that might result from tacit or general mortgage, was removed, and no objections could be made to the title, much less was there any cause for rescinding the sale. See case of *Denis* vs. *Clague's Syndics,* 7 *Martin, N. S.,* 96.

The formalities required by law in relation to the proceedings in the Probate Court, have been complied with, in raising the general mortgage and giving a special one. The judgment of the Probate Court is conclusive on this subject. *Casanova's Heirs* vs. *Avegno,* 9 *Louisiana Reports,* 196.

*Peirce,* in *propria persona,* contended that he purchased in error, supposing the property was clear of mortgage, and the information which would have destroyed this error, was withheld by the vendor. It comes under the head of fraud, and invalidates the contract. *Louisiana Code,* 1826, 1841.

2. This error must be on a material part of the contract, and such as may be reasonably presumed would have influenced the party in making it, or prevented him, had he known it. It need not, however, be the principal cause of the contract.

3. He bought the property, supposing it free from mortgage, and with a view of reselling. The existence of a general mortgage prevented this, and which has occasioned loss. In the words "loss or inconvenience," which may be suffered by the party, is included the preventing him from obtaining any gain or advantage. He insisted that this was a case for the rescission of the sale, on account of an incumbrance which

had occasioned loss, and that none of the authorities cited by the plaintiff were applicable to it.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff sues to rescind a contract of sale of certain city lots, made to him by the late Dr. M'Mahan, on the ground that the same were incumbered by a tacit mortgage in favor of a minor, of whom the vendor was co-tutor, he having married the mother of said minor. The existence of the legal mortgage at the time of the sale, and at the institution of the suit, is not contested ; but the defendant denies that it affords any legal ground for annulling the sale ; and, by a subsequent answer it is averred, that since the suit was brought, the mortgage has been cancelled and erased. It is shown that the defendant, who is the surviving tutrix of her minor child by her first marriage, and duly appointed to administer on the estate of Dr. M'Mahan, her last husband, had proceeded to liquidate the claim of said minor against her and the estate of her late co-tutor, and had given a special mortgage in lieu of the general one, to secure his rights, and had procured a decree of the Court of Probates, cancelling said legal mortgage in pursuance of the act of 1830, entitled " an act in addition to the laws now in force relative to the tutors and curators of minors."

The Parish Court gave judgment in favor of the defendant, and the plaintiff appealed.

In his argument addressed to this court, he relies on two points : 1st. That the contract was null on account of error ; and 2d. That the proceedings in the Court of Probates are irregular, and do not validly release the property from the incumbrance of which he complains.

I. It is contended that the plaintiff purchased with a view to sell again ; with a full warranty and a clear certificate; that the vendor must have known that the purchase was not made with a view to a permanent investment ; and that if he had known of the existence of the incumbrance, he would not have purchased ; and that there was such a suppression of material circumstances, as to vitiate the contract.

This argument resolves itself into the proposition, that either there was that kind of error in the principal cause or motive, that consideration without which the contract would not have been made, and which, consequently, invalidates it; or, that there was in fact fraud in not communicating to the purchaser the existence of the legal mortgage. The plaintiff alleges that he purchased with a view to speculation; that such was the motive which influenced his will, and determined him to enter into the contract; and he finds that he cannot honestly carry out his intention, having discovered the existence of a tacit mortgage on the property. The Code lays down very precise doctrines on this subject. "No error," says *article* 1820, "in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless, from the nature of the transaction, it must be presumed that he knew it." The motive, in this case, is not apparent; nor does it appear that the vendor was aware that the purchase was made merely for speculation, and with a view to immediate resale. Nor are we prepared to say that the existence of a tacit mortgage, bearing upon the property sold, in common with all the real estate of the vendor, and not disclosed at the time of the contract, affords sufficient grounds for rescission, without proof of a fraudulent concealment or suppression of the truth. The vendee could not be compelled to pay the price without security to make good the warranty, and thereby may protect himself from ultimate loss. Not only was all the property of the vendor subjected to the same mortgage, but also the property of his co-tutor, who was, at the same time, personally responsible to her ward. The risk of eviction was thereby greatly diminished; and the ability of the vendor, and the willingness of his legal representatives to remove the obstacle, are abundantly shown.

II. In deciding upon the second point made by the appellant, we cannot better express our views than by supposing that the minor, having attained the age of majority, was now seeking to enforce his legal mortgage upon the property in question, and that he was to urge the same objections to the

The vendor cannot be aware that the property he sells is purchased for speculation and with the view to immediate resale; and the vendee will not be allowed to set up as error in the motive, the fact that a tacit mortgage existed on the property, which was fraudulently concealed from him in avoidance or rescission of the sale.

Eastern Dist.
April, 1840.

validity of the proceedings, which are now relied upon by the appellant, he might be answered, that by a judgment of a competent tribunal, in a proceeding in which he was duly represented by his under tutors, the general tacit mortgage had been waived, and a special one substituted in its place. Whether we regard that as a contract or a judicial proceeding, it is equally conclusive upon the minor, all the forms required by the act of 1830 having been observed, under the personal responsibility of the under tutors. That act expressly renders the under tutors liable, personally, to the minor, in case of the insufficiency of the new security, unless he makes opposition, and his opposition is overruled. *Act of* 1830, *sections 4 and* 5. Such a case would, indeed, differ from that of *Casanova's Heirs* vs. *Avego,* 9 *La. Reports,* 192, in which the property in dispute was acquired under the faith of the proceedings in the Court of Probates; while, in this, the proceedings took place principally with a view to exonerate from the general tacit mortgage, the property already acquired from a tutor : but, in principle, they are the same. The present appellant could not invoke in vain the judgment of the Court of Probates, to which the minor was regularly a party, and which would stand in the way of his original mortgage upon the lots in question.

The judgment of the Parish Court is, therefore, affirmed, with costs.